IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRI PITTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-CV-01392-DWD |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the final agency decision by the Defendant denying Plaintiff's applications for Disability Insurance Benefits ("DIBs") and Supplemental Security Income ("SSI"). For the reasons explained below, the Court **AFFIRMS** the final agency decision of Defendant. The Clerk is **DIRECTED** to enter judgment for Defendant and against Plaintiff.

## Procedural History

On October 5, 2021, Plaintiff filed her application for DIBs and SSI. (Doc. 9-5, pgs. 2–17). Plaintiff alleged a disability onset date of August 27, 2021. (Doc. 9-2, pg. 18). Plaintiff's claim was initially denied on July 5, 2022, and then again on reconsideration on November 2, 2022. (Doc. 9-2, pg. 18). Following Plaintiff's written request, her claims were the subject of an evidentiary hearing on June 15, 2023. (Doc. 9-2, pg. 18). In a decision dated September 12, 2023, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled, resulting in a denial of her applications. (Doc. 9-2, pg. 15). On March 21,

2024, the Appeals Council denied Plaintiff's request for review. (Doc. 9-2, pgs. 2–7). Therefore, the ALJ's decision is final for purposes of the Court's review. Plaintiff exhausted her administrative remedies and timely filed her Complaint. (Doc. 1).

## **Applicable Legal Standards**

To qualify for DIBs or SSI, a claimant must be disabled. A disability is defined as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that, *inter alia*, has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of producing medical evidence to support the claims of disability. *Eichstadt v. Astrue*, 534 F.3d 663, 668 (7th Cir. 2008); *see also* 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under disability unless he furnishes such medical and other evidence of the existence thereof."). While a claimant's statements of pain or other symptoms are considered, those statements alone are not conclusive evidence of a disability. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529.

To assess an alleged disability, the ALJ employs a "five-step sequential evaluation process." *See* 20 C.F.R. §§ 404.1520 (a)(1), (2), (4); 416.920(a)(1), (4). The ALJ asks the following questions: (1) whether the claimant is doing substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment that meets certain duration requirements or a combination of impairments that is severe and meets the duration requirements; (3) whether the claimant has an impairment that meets or equals one of the impairments listed in the regulations and satisfies the duration requirements; (4) whether, in view of the claimant's residual

functional capacity ("RFC") and past relevant work, he or she can perform past relevant work; and (5) whether, in view of the claimant's RFC, age, education, and work experience, he or she can adjust to other work. *See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

If the claimant is doing substantial gainful activity under step 1, does not have an impairment or combination of impairments as described at step 2, can perform past relevant work under step 4, or can adjust to other work under step 5, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i),(ii), (iv), (v); 416.920(a)(4)(i), (ii), (iv), (v). If the claimant has an impairment that meets the requirements of step 3 or is incapable of adjusting to other work under step 5, then he or she is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii),(v); 416.920(a)(4)(iii), (v). The claimant has the burden of proof at steps 1-4. *Mandrell v. Kijakazi*, 25 F.4th 514, 516 (7th Cir. 2022).

A severe impairment under step 2 is defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c); *see also Barnhart v. Thomas*, 540 U.S. 20, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003). Impairments which are expected to result in death, or those which have lasted or are expected to last for a continuous period of at least twelve months, qualify as severe under the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii); 404.1509; 416.920(a)(4)(ii); 416.909. "[T]he step two determination of severity is 'merely a threshold requirement'" to "proceed to the remaining steps of the evaluation process." *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th Cir. 2010). Once an ALJ makes a finding that one or more of a claimant's ailments are severe, he must "consider the aggregate effect of

3

the entire constellation of ailments—including those impairments that in isolation are not severe." *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (citing 20 C.F.R. § 404.1523; and then collecting cases).

Impairments and related symptoms may cause physical and mental limitations that affect what may be done in a work setting. *See* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The RFC at issue in step 4 assesses the most that a claimant can do in a work setting, notwithstanding those limitations. *See* 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1); *accord* SSR 96-8p, 1996 WL 374184, *2; *Clifford v. Apfel*, 227 F.3d 863, 872-73 n.7 (7th Cir. 2000). In this way, an RFC is an assessment of the claimant's ability to perform sustained work-related physical and mental activities in a work setting on a regular and continuing basis, *i.e.*, for eight hours a day and five days a week or an equivalent work schedule. *See Tenhove v. Colvin*, 97 F. Supp. 2d 557, 568 (E.D. Wisc. 2013); SSR 96-8p, 1996 WL 374184, *2; *accord Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). An RFC must be based on all of the relevant medical and other evidence contained in the record. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3); SSR 96-8p, 1996 WL 374184, *2-3, 5.

When completing an RFC, the ALJ must identify the claimant's functional limitations and assess his or her work-related abilities on a function-by-function basis. *See Tenhove*, 97 F. Supp. 2d at 569; SSR 96-8p, 1996 WL 374184, *1, 3; *accord Lechner v. Barnhart*, 321 F. Supp. 2d 1015, 1036 (E.D. Wisc. 2004). The ALJ considers all impairments, including those that are not severe, and the claimant's ability to meet physical, mental, sensory, and other requirements of work. *See* 20 C.F.R. §§ 404.1545(a)(2), (4); 416.945(a)(2), (4); *see also Alesia v. Astrue*, 789 F. Supp. 2d 921, 933 (N.D. Ill. 2011) ("[T]he ALJ must

consider the combined effect of all impairments, 'even those that would not be considered severe in isolation.'"). "An impairment or combination of impairments is not severe if it does not significantly limit [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). And, importantly, while a claimant's statements of pain or other symptoms are considered, they alone are not conclusive evidence of a disability. *See* 20 C.F.R. § 404.1529.

As to physical abilities, the ALJ assesses the nature and extent of any physical limitations, then determines the RFC for work activity on a regular and continuing basis. *See* 20 C.F.R. §§ 404.1545(b); 416.945(b). A limited ability to perform physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, or crouching may reduce the ability to do past work. *See* 20 C.F.R. §§ 404.1545(b); 416.945(b); *see also* SSR 96-8p, 1996 WL 374184, *5-6. Other impairments affecting work abilities include, among other things, impairments imposing environmental restrictions. *See* 20 C.F.R. §§ 404.1545(d); 416.945(d). If the symptoms, signs, or laboratory findings for a severe impairment do not meet or equal those of a listed impairment, the ALJ considers the total limiting effects of all impairments, including medical and nonmedical evidence. 20 C.F.R. §§ 404.1545(e); 416.945(e).

After the identification of the claimant's functional limitations and the assessment of his or her work abilities on a function-by-function basis, the RFC may be expressed by exertional category, including "light." *See Tenhove*, 97 F. Supp. 2d at 569; *accord Lechner*, 321 F. Supp. 2d at 1036; SSR 96-8p, 1996 WL 374184, *3. To do a full range of work in an exertional category, such as "light," the individual must be able to perform substantially

5

all of the functions required at that level. *See* SSR 96-8p, 1996 WL 374184, *5-6. Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b); 416.967(b). Even the weight lifted in a job is very little, a job is considered light work if it requires a good deal of walking or sitting, or sitting most of the time with some pushing and pulling of arm or leg controls. *See* 20 C.F.R. §§ 404.1567(b); 416.967(b). In the absence of additional limiting factors like "loss of fine dexterity or inability to sit for long periods of time," a person considered capable of performing light work is also considered capable of performing sedentary work. *See* 20 C.F.R. §§ 404.1567(b); 416.967(b).

## **The ALJ's Decision**

The ALJ assessed Plaintiff's alleged disability under the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520 (a)(1), (2), (4). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, August 27, 2021. (Doc. 9-2, pg. 20). Under step two, the ALJ found that Plaintiff suffered from the following severe impairments: congestive heart failure ("CHF")/cardiomegaly, pulmonary hypertension; hypothyroidism/Grave's disease with multinodular goiter, and obesity. (Doc. 9-2, pgs. 20-21). The ALJ provided that any other diagnosis that Plaintiff alleged was "both not severe and acute in nature or otherwise quickly resolved and was not expected to lead to any permanent work restrictions." (Doc. 9-2, pg. 21). Still, in formulating Plaintiff's RFC, the ALJ considered all "severe" and "non-severe" impairments and "included limitations to address Plaintiff's 'non-severe' impairments and subjective complaints." (Doc. 9-2, pg. 21).

At step 3, the ALJ found Plaintiff's impairments, even when considered in combination, did not meet or medically equal the severity of the impairments listed in the regulations. (Doc. 9-2, pg. 21). The ALJ referenced Plaintiff's medical records and found that no medical evidence demonstrated that Plaintiff's respiratory disorders, pulmonary hypertension or CHF met the severity levels provided for such conditions in the regulations. Specifically, in regard to Plaintiff's CHF, the ALJ noted that the listing requires an ejection fraction of thirty percent or less during a period of stability, and that Plaintiff's echocardiographs demonstrated that Plaintiff's ejection fraction ranged between forty-five and sixty-five percent. (Doc. 9-2, pg. 21). In consideration of Plaintiff's thyroid gland disorders and obesity, impairments that are not listed in the regulations, the ALJ again considered the effects of those impairments both alone and in combination with Plaintiff's other impairments and found that they do not meet or medically equal the criteria of a listing in any affected body system. (Doc. 9-2, pgs. 22-23). Notably, the ALJ provided that "neither the claimant nor her representative has argued that the claimant has a physical impairment or combination of physical impairments that meets or equals the criteria of any listed impairment. (Doc. 9-2, pgs. 21-22).

Before proceeding to step 4, the ALJ found Plaintiff has the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § § 404.1567(b) and 416.967(b) except: she cannot climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs. The Claimant can perform occasional balancing on narrow, slippery, or erratically moving surfaces. She cannot work at unprotected heights or around hazardous machinery. The claimant can have no concentrated exposure to extreme heat,

        cold, humidity, wetness, dust, fumes, or other pulmonary irritants such as caustic chemicals.

(Doc. 9-2, pg. 23).

The ALJ found that Plaintiff's statements on the severity and limiting effects of her symptoms were "not entirely consistent" with the evidence. (Doc. 9-2, pgs. 28-29). Specifically, the ALJ provided that Plaintiff's own statements regarding her activities of daily living were inconsistent with the alleged limiting effects of her symptoms. Plaintiff stated that she lived alone without assistance, could prepare meals, complete household chores and errands such as laundry, washing dishes, taking out the trash, and some sweeping/mopping but no yardwork. She could also independently operate her vehicle, go shopping, manage her finances, attend church, spend time with her friends and family, care for her grandchildren and use a computer. (Doc. 9-2, pgs. 28-29). Further, the ALJ provided that the record demonstrated that Plaintiff maintains "a normal, unassisted gait and station, normal motor and fine manipulation skills, symmetric reflexes, intact sensation, full muscle strength and tone without atrophy, and full range of motion throughout without instability, laxity, or crepitus." (Doc. 9-2, pg. 30). The ALJ considered the medical opinions and prior administrative medical findings without deference to those opinions or findings or giving them any specific evidentiary weight. (Doc. 9-2, pgs. 29–31). Based on this evidence, the ALJ found Plaintiff had the RFC provided above. (Doc. 15-2, pg. 23).

At step 4, the ALJ found that Plaintiff could perform past relevant work as a retail manager trainee and retail salesclerk. (Doc. 15-2, pg. 32). The ALJ considered Plaintiff's work history reports and earning records, as well as the testimony of the vocational

expert, which provided that Plaintiff could perform those roles as generally performed in the national economy. (Doc. 15-2, pg. 32). The ALJ confirmed that the vocational expert's testimony was consistent with the information provided for such positions in the Dictionary of Occupational Titles and the Selected Characteristics of Occupations. (Doc. 15-2, pg. 32). As a result, the ALJ determined that such work as performed in the national economy would not require the performance of work-related activities precluded by the Plaintiff's RFC. (Doc. 15-2, pg. 32). Accordingly, Plaintiff was found to be "not disabled" from August 27, 2021, through the date of the decision, and her application for DIBS and SSI was denied. (Doc. 15-2, pg. 33).

## **Analysis**[1]

The Court's review of the ALJ's decision is "extremely limited" and "very deferential." *See* 42 U.S.C. § 405(g); *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)). Findings of fact, supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g); *accord Clifford*, 227 F.3d at 869. The Court will reverse the ALJ's decision only if the findings of fact were not supported by substantial evidence or the ALJ applied the wrong legal standard. *See Clifford*, 227 F.3d at 869; *accord Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). In this context, "substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *See Clifford*, 227 F.3d at 869 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Jarnutowski*, 48 F.4th at 773. If reasonable minds could differ

---

[1] The portions of the evidentiary record relevant to Plaintiff's arguments and the Court's resolution of the case are incorporated into the analysis below.

9

about whether a claimant is disabled and the ALJ's decision is supported by substantial evidence, then the Court will affirm the denial of claims. *Jarnutowski*, 48 F.4th at 773 (quoting *Elder*, 529 F.3d at 413). When assessing the evidence, the Court reviews the entire record, but does not reweigh the evidence, resolve conflicts, decide credibility questions, or substitute its judgment for that of the ALJ. *See Clifford*, 227 F.3d at 869; *accord Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). The ALJ is not required to address every piece of evidence or testimony presented, but he must build a 'logical bridge' between the evidence and his conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009); *see also Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021) ("The ALJ's summary does not mention every detail. But it need not."). An ALJ is not permitted to "cherry pick evidence from the record" to support a conclusion without engaging with evidence weighing against it. *Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018). The Court will not decline to engage in a critical review to act as a rubber stamp. *See Clifford*, 227 F.3d at 869.

Plaintiff challenges the denial of her application on three grounds. First, Plaintiff argues that the ALJ cherry-picked supportive medical records of Plaintiff's impairments and either ignored or downplayed evidence of abnormal findings and Plaintiff's testimony concerning her restrictions. (Doc. 13, pgs. 7-12, 19-20). Second, Plaintiff contends that the ALJ improperly rejected both the state agency medical opinions and that of the Plaintiff's treating provider, and that the latter should have been given more evidentiary weight. (Doc. 13, pgs. 13-16). Third, Plaintiff argues that the testimony of the vocational expert was not properly considered in the ALJ's decision because it did not discuss a sit/stand limitation and whether Plaintiff would be on task and present at an

appropriate level for competitive employment. (Doc. 13, pgs. 17-19). On these bases, Plaintiff claims that the decision of the ALJ was either unsupported by the evidence or was not sufficiently detailed so as to provide the requisite 'logical bridge' between the evidence and the conclusions.

Plaintiff's contention that the ALJ inappropriately downplayed evidence of abnormal findings related to her impairments and "almost exclusively highlighted normal exam findings" is unfounded. The ALJ's discussion of Plaintiff's impairments acknowledges Plaintiff's "history of heart failure secondary to hyperthyroidism as well as diastolic dysfunction, atrial fibrillation, and hypertension. (Doc. 9-2, pg. 24). It goes on to detail Plaintiff's hospital admission in September of 2021 resulting from a hypertensive emergency. (Doc. 9-2, pg. 24). The ALJ's decision further acknowledged the limitations caused by Plaintiff's impairments by highlighting her cardiologist's assessment in February of 2022 that she was still "quite limited" by her shortness of breath despite his overall description of Plaintiff's progress as "tremendous." (Doc. 9-2, pg. 25). The decision discusses findings from numerous other medical visits by Plaintiff before summarizing the details of Plaintiff's medical records that led the ALJ to conclude that Plaintiff's impairments would not "significantly impeded the [Plaintiff]'s functional ability to perform all work-like activities on a regular and continuing basis." (Doc. 9-2, pgs. 26-27). As noted in the summary of the decision provided above, the ALJ additionally considered that Plaintiff's own testimony of her daily activities supported this conclusion. (Doc. 9-2, pgs. 28-29).

Further, Plaintiff argues that the ALJ had "myopic focus" on normal examination findings and ignored Plaintiff's testimony that, despite some progress, she continues to experience significant continuing symptoms including chest pain, dizziness, fatigue, and shortness of breath daily. (Doc. 13, pgs. 19-20). To the contrary, the ALJ directly addressed Plaintiff's testimony and reports she made of symptoms to her treating providers:

> The claimant has alleged disability due to a history of cardiovascular and thyroid dysfunction symptoms and conditions. The claimant asserted that she is easily fatigued and is short of breath on exertion such as brisk walking, climbing stairs, or excessive activity. She reported multiple episodes of daily chest discomfort and/or pain which can last a few seconds up to a few minutes and which occasionally occur at night, disrupting her sleep. She stated she experiences frequently elevated blood pressure, continuous palpitations, atrial fibrillation, and occasional lightheadedness and weakness with overactivity. The claimant indicated that her condition affected her ability to lift more than five pounds without it affecting her heart condition, walk more than 20-25 steps at a time without needing to rest, or even stand or sit for prolonged periods without becoming fatigued. She further reported difficulties with her ability to squat, bend, kneel, climb stairs, reach, concentrate, follow instructions, and complete tasks due to her chronic condition. (3E; 5E; 8E; 9E; 15E; Testimony).

(Doc. 9-2, pgs. 23-24). Plaintiff invokes Seventh Circuit caselaw for the proposition that "[i]solated instances of progress do not mean that Plaintiff is not disabled." (Doc. 13, pg. 20). Just the same, however, the existence of a diagnosis or condition does not require an ALJ to find that a claimant suffers from a disabling impairment; the inquiry is focused on the claimant's ability to work. *Skinner v. Astrue*, 478 F.3d 836, 845 (7th Cir. 2007); *see also* 20 C.F.R. § 404.1529. And as provided *supra*, the ALJ is not required to address every piece

of evidence or testimony, and this Court does not reweigh the evidence. *Terry*, 580 F.3d at 475; *Clifford*, 227 F.3d at 869.

Here, the decision demonstrates that the ALJ found the evidence of Plaintiff's continued symptom improvement, history of conservative treatment and positive examination findings more persuasive than Plaintiff's allegations regarding the severity and limiting effects of her symptoms. (Doc. 9-2, pgs. 24, 26, 28-29). Specifically, the ALJ determined that

> the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record […]. The preponderance of the evidence, including the treatment history, the clinical findings, the diagnostic test results, and the treating source reports, is consistent with the conclusion that the claimant has work-related limitations, but retains the capacity for work with the restrictions in the above finding.

(Doc. 9-2, pg. 24).

The ALJ's review and explanation of the medical record was extensive. As such, this Court cannot find that the Defendant was in error in denying Plaintiff's application on this basis. *See Elder*, 529 F.3d at 413-14 ("It is only when the ALJ's determination lacks any explanation or support that we will declare it to be 'patently wrong.'") (internal quotations omitted).

Plaintiff's second basis for remand is also unavailing. That the ALJ rejected the state agency medical opinions is demonstrably false, and Plaintiff simply recites the evidence provided in her treating provider's opinion and asks this Court to give it greater weight than did the ALJ. Plaintiff claims that the ALJ's increase of the limitations

determined by the state agency opinions was not adequately explained. (Doc. 13, pg. 13). As Plaintiff's Brief explains, the state agency medical opinions determined that Plaintiff could occasionally climb ladders, ropes, and scaffolds and frequently balance. (Doc. 13, pg. 13). The ALJ increased that limitation in the determination of Plaintiff's RFC due to her "exertional dyspnea and reported intermittent dizziness." While Plaintiff asserts that the ALJ failed to adequately explain this increase for failing to provide why or how the evidence supported this determination, the Court finds it to be a reasonable conclusion that someone short of breath and dizzy should not climb ladders, ropes and scaffolding. *See Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (providing that as long as an ALJ's decision does not "lack adequate discussion of the issues," it will be considered sufficient); *Palmer v. Saul*, 779 Fed. Appx. 394, 398 (7th Cir. 2019) (finding that the ALJ reasonably included more restrictions because "the ALJ's RFC findings were more restrictive than the conclusion of those non-examining physicians, and [plaintiff] does not explain how a more restrictive RFC could have negatively affected her claim.").

Further, Plaintiff argues that the ALJ failed to follow Agency regulations in assessing the medical opinion of Plaintiff's treating provider. It is true that "[a] treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Clifford*, 227 F.3d at 870 (citing 20 C.F.R. § 404.1527(d)(2)). But here, as explained when summarizing the ALJ's decision above, the ALJ determined that the opinion given by the treating provider was inconsistent with other evidence in the record and not well supported by medical findings. Specifically, the

14

ALJ stated that the proposed limitation that Plaintiff needed to keep her legs elevated was not supported by the record. The decision also points out that the treating provider's opinion only check boxes indicating limitations with no further explanation beyond Plaintiff's diagnoses. The ALJ also notes that such limitations are inconsistent with the records from Plaintiff's cardiologist, which indicate tremendous improvement in her symptoms, including no episodes of decompensated heart failure and her well-controlled blood pressure. (Doc. 9-2, pgs. 30-31). Plaintiff's recitation of her treating provider's medical opinion and the evidence which she believes should have convinced the ALJ to accept the provider's suggested limitations amounts to a request for this Court to reweigh that evidence. (Doc. 13, pgs. 13-15). The standard of review applicable here precludes the Court from doing so. Accordingly, the Court finds that the ALJ's consideration of medical opinions was sufficient.

Finally, Plaintiff's argument that the ALJ failed to adequately explain a sit/stand restriction or provide an analysis related to benchmarks of whether Plaintiff would be sufficiently on-task at work also fails. Again, Plaintiff's argument here amounts to another improper request to reweigh the evidence considered by the ALJ. *See Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024) ("It is not enough to nitpick the ALJ's order. To warrant reversal, [Plaintiff] must show that the ALJ's determination was not supported by substantial evidence."). As provided above, the ALJ went into extensive detail describing the medical evidence that supported the determination that Plaintiff can perform light work with certain restrictions. Plaintiff does not grapple with that supporting evidence at all to demonstrate to the Court why it does not support the ALJ's

15

determination of Plaintiff's RFC, but instead provides evidence she believes the ALJ should have given more weight. *See Morales*, 103 F.4th at 471 ("[The Court] cannot do that work for her. Indeed, time and again we have underscored that our role as a court of review is not to 'reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination.'"). Plaintiff also intimates that the ALJ's explanation was insufficient because no reference was made to testimony provided by the vocational expert regarding the sit/stand restriction or the off-task and absenteeism benchmarks. However, as previously expressed, the ALJ is not under obligation to mention every piece of evidence in the decision. *Terry*, 580 F.3d at 475. Accordingly, because Plaintiff cannot demonstrate that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence or given adequate explanation, this Court cannot say that the ALJ erred in finding Plaintiff not disabled.

## Conclusion

For these reasons, the Court **AFFIRMS** the final agency decision of Defendant. The Clerk is **DIRECTED** to enter judgment for Defendant and against Plaintiff

    **SO ORDERED.**

    Dated: September 18, 2025

_____
DAVID W. DUGAN
United States District Judge